IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL TUPAC, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Case No. 3:24-CV-104-E |
| § | |
| ASBURY AUTOMOTIVE GROUP, § | |
| INC.; ASBURY ARLINGTON MB, § | |
| LLC; and MALCOLM GAGE, § | |
| § | |
| Defendants. § | |

**DEFENDANTS ASBURY AUTOMOTIVE GROUP, INC.; ASBURY ARLINGTON MB, LLC; AND MALCOLM GAGE'S MOTION TO DISMISS PLAINTIFF MICHAEL TUPAC'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendants Asbury Automotive Group, Inc. ("Asbury"); Asbury Arlington MB, LLC; and Malcolm Gage (collectively "Defendants") respectfully that the Court dismiss Plaintiff Michael Tupac's ("Plaintiff") Amended Complaint in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff was a New Car Sales Manager at Park Place Motorcars Arlington, 1 of 139 new vehicle dealerships owned and operated by Asbury across 14 different states in 2022 (the time period relevant to Plaintiff's allegations).  Plaintiff alleges that he observed conduct at one dealership that somehow amounted to securities and shareholder fraud by Asbury, one of the largest automotive retailers in the United States.  Plaintiff reported his concerns to the company and the Securities and

Exchange Commission and eventually lost his job at the dealership. Plaintiff claims in this case that his termination amounted to retaliation in violation of the Sarbanes-Oxley Act of 2002 ("SOX"); however, this claim fails.

As explained in the accompanying Memorandum of Law in support of this Motion, Plaintiff fails to state a claim for relief. Even after amending his Complaint, Plaintiff fails to allege sufficient facts to plausibly allege the first element of a SOX retaliation claim—engagement in a protected activity. ***First***, it was not objectively reasonable, based on mere speculation regarding conduct at 1 of 139 Asbury dealerships, for Plaintiff to believe that Defendants committed securities fraud or fraud upon Asbury's shareholders. ***Second***, Plaintiff has made no allegations that the purported fraud or misconduct was committed with the intent to defraud Asbury's shareholders as required under Fifth Circuit precedent. For either or both of these reasons, the Court should dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief may be granted.

Defendants submit, as attachments to this Motion, their Memorandum of Law in Support of this Motion, containing arguments and citations to authorities; Asbury's Annual Report (Form 10-K) (Mar. 1, 2023) (Exhibit 1); Asbury's Annual Report (Form 10-K) (Feb. 29, 2024) (Exhibit 2); and Asbury's Current Report (Form 8-K) (Dec. 2, 2020) (Exhibit 3).

WHEREFORE, Defendants pray for the following relief:

(a) That the Court grant Defendants' Motion to Dismiss, and dismiss the Amended Complaint in its entirety, with prejudice, for failure to state a claim; and

(b) That the Court grant such other relief as it deems just and proper.

Respectfully submitted,

Dated: April 26, 2024

By: /s/ *Evan P. Singer*
Evan P. Singer
Texas State Bar No. 24037501
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100
epsinger@jonesday.com

*Attorney for Defendants Asbury Automotive Group, Inc.; Asbury Arlington MB, LLC; and Malcolm Gage*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 26, 2024, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated:       April 26, 2024

                                        */s/ Evan P. Singer*
                                        Evan P. Singer

## **CERTIFICATE OF CONFERENCE**

Pursuant to the Court's Standing Order Section II.C.3, the undersigned hereby certifies that on March 14, 2024, Defendant's counsel conferred with Kent Piacenti, counsel for Plaintiff, regarding Defendants' intention to file a Motion to Dismiss pursuant to Rule 12(b)(6) and the bases for such motion. Plaintiff's counsel filed an advisory of Plaintiff's intent to amend his Complaint on April 5, 2024, and filed an Amended Complaint on April 12, 2024. The Amended Complaint is still deficient.

Dated:     April 26, 2024

>    */s/ Evan P. Singer*
>    Evan P. Singer