# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL TUPAC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 3:24-CV-104-E |
| | § | |
| ASBURY AUTOMOTIVE GROUP, | § | |
| INC.; ASBURY ARLINGTON MB, | § | |
| LLC; and MALCOLM GAGE, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF MICHAEL TUPAC'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................................2

III. STATEMENT OF THE ISSUES ..............................................................................3

IV. ARGUMENT..........................................................................................................4

    A. Plaintiff's Belief Was Not Objectively Reasonable............................4

        1. Plaintiff Sets Forth No Allegations or Authority That Demonstrate His Belief Was Objectively Reasonable. .............4

        2. A Phone Call from the SEC Does Not Render Plaintiff's Belief Objectively Reasonable As a Matter of Law. .................8

    B. Plaintiff Has Made No Allegation That Any Purported Misconduct Was Committed with Intent to Defraud Asbury Shareholders. .................................................................................................8

V. CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allen v. Admin. Rev. Bd.*,
 514 F.3d 468 (5th Cir. 2008) .......................................................................6, 7, 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................3

*Basic, Inc. v. Levinson*,
 485 U.S. 224 (1988)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................5

*Byers v. Dallas Morning News, Inc.*,
 209 F.3d 419 (5th Cir. 2000) ....................................................................................7

*Doe v. Robertson*,
 751 F.3d 383 (5th Cir. 2014) ....................................................................................5

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
 365 F.3d 353 (5th Cir. 2004) ....................................................................................9

*Wallace v. Tesoro Corp.*,
 796 F.3d 468 (5th Cir. 2015) ....................................................................................7

**STATUTES**

18 U.S.C. § 1514A .................................................................................................1

**RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................3, 4, 5

## I.  INTRODUCTION

Plaintiff's response fails to rebut the clear grounds for dismissal articulated in Defendants' Motion to Dismiss. His response brief merely regurgitates the Amended Complaint's allegations while devoting little space to his "Argument and Authorities." Plaintiff cites only 2 cases, relying on them for the pleading standard for protected activity under SOX, 18 U.S.C. § 1514A, but he cites no authority to support the notion that his claims should survive dismissal. Plaintiff does not address any of Defendants' specific arguments for dismissal, nor does he distinguish any of the cases upon which Defendants rely.

Instead, he asks the Court to make three legally unsupported leaps to find he satisfied the first element of a SOX claim. ***First***, he asks the Court to ignore the undisputed fact that "Plaintiff was a single employee at a single dealership." Resp. at 19.[1] That simple fact, however, dooms his claim. ***Second***, he asks the Court to deny Defendants' Motion because "reasonable minds can disagree," *id.* at 18, as to whether Plaintiff had an objectively reasonable belief that, based upon purported misconduct occurring at 1 dealership (out of 139 nationwide) owned by a Fortune 500 company that recorded consolidated revenue of $15.43 billion in 2022 (the relevant time period here), Defendants engaged in enterprise-wide violations of

---

[1] References to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (D.E. 18) are designated as "Resp." References to Defendants' Memorandum of Law in Support of Their Motion to Dismiss (D.E. 15) are designated as "Br." Page number references are to the CM/ECF pagination.

federal securities laws and SEC rules and regulations. That assertion is unavailing under Fifth Circuit precedent. **Finally**, he asks the Court, without providing any legal authority in support, to find that his belief was objectively reasonable as a matter of law because the SEC allegedly reached out to his counsel after he submitted allegations to the agency.

Additionally, instead of responding to Defendants' argument that Plaintiff fails to plead scienter as to the alleged violations of law, which independently justifies dismissal of his claims, Plaintiff abandons any claim under the sixth SOX category and asserts (again without authority) that he need not make such allegations under the fourth and fifth SOX categories. But that is a distinction without a difference. Under Fifth Circuit precedent, scienter is an element of the causes of action for the alleged violations under which he now confirms he is proceeding (securities fraud and violation of rules and regulations of the SEC), and Plaintiff's failure to meet this requirement renders his Amended Complaint subject to dismissal.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

As set forth in Defendants' Motion to Dismiss, Plaintiff is a former employee of an Arlington, Texas car dealership, managed by Mr. Gage at the time of Plaintiff's employment, and ultimately owned and operated by Asbury. *See* Br. at 6–7. Plaintiff alleges he observed purported misconduct at the dealership that he believed

2

constituted securities fraud and, after reporting said misconduct internally and to the SEC, was retaliatorily terminated. *Id.* at 7–10.

As required by the Court, Defendants' counsel conferred with Plaintiff's counsel about deficiencies in the Complaint that would be grounds for a motion to dismiss.[2] Thereafter, Plaintiff filed his Amended Complaint on April 12, 2024. (D.E. 13). Because the Amended Complaint did not cure those deficiencies, Defendants moved to dismiss the Amended Complaint on April 26, 2024. (D.E. 14, 15). Plaintiff filed his Response on May 17, 2024. (D.E. 18).

## III. STATEMENT OF THE ISSUES[3]

1. Whether Plaintiff pled sufficient facts to plausibly allege that he had an objectively reasonable belief that Defendants committed securities fraud or fraud against its shareholders by allegedly engaging in misconduct, including accounting falsification, inflating sales data attributable to Clicklane, and manipulation of customer satisfaction scores at a single dealership, such that Plaintiff engaged in conduct protected by the anti-retaliation provisions of SOX.

---

[2] In his Response, Plaintiff characterizes Defendants' notification as "barebones." Resp. at 15–16. Defendants dispute that their notification to Plaintiff's counsel was barebones, as Defendants' counsel informed Plaintiff's counsel of the two grounds for dismissal they included in the Motion. Notably, Plaintiff's Counsel did not respond to that written outreach or otherwise seek to meet and confer on Defendants' notification before amending the Complaint.

[3] The statement of the issues is restated verbatim as set forth in Defendants' Motion to Dismiss. Br. at 11–12. On each issue, to survive dismissal under Rule 12(b)(6), Plaintiff must plead specific facts that "state a claim to relief that is plausible on its face," not mere conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. Whether Plaintiff pled sufficient facts to plausibly allege that Defendants committed misconduct with an intent to defraud Asbury shareholders, such that he engaged in conduct protected by the anti-retaliation provisions of SOX.

## IV.   ARGUMENT

Plaintiff does not rebut Defendants' assertion that the Amended Complaint fails to plead sufficient facts to plausibly allege that he "engaged in protected activity" (*i.e.*, the first element of a SOX retaliation claim). Accordingly, the Court should dismiss Plaintiff's Amended Complaint with prejudice.

### A.   Plaintiff's Belief Was Not Objectively Reasonable.

#### 1.   Plaintiff Sets Forth No Allegations or Authority That Demonstrate His Belief Was Objectively Reasonable.

Plaintiff claims that "[i]t doesn't matter that [he] was a single employee at a single dealership," because "[h]e knows the process of selling cars inside and out and that knowledge made it apparent that Asbury's claims that Clicklane is 100% online and facilitates 8-14 minute transactions simply weren't true." Resp. at 19. This theory glosses over two critical and undisputed facts that debunk it.

*First*, the Amended Complaint does not allege that Plaintiff is (or considers himself to be) an expert on the process of selling cars in Texas, nor that such knowledge permitted him to conclude that Defendants had engaged in fraud. Such assertions are therefore not entitled to any presumption of truth on Rule 12(b)(6) review. Moreover, neither the Amended Complaint nor Plaintiff's response offer

4

any support for the allegation that Asbury's statements regarding the "100% online" functionality of Clicklane were false because Texas, and some other unspecified states, purportedly require wet-ink signatures to purchase a vehicle.[4] Am. Compl. ¶ 21; Resp. at 19. Even if the Court could take Plaintiff at his word, he would have to substantiate the veracity of such a foundational allegation with factual support, but he does not.

***Second***, as laid out in Defendants' opening brief, Plaintiff's allegations of misconduct are based on his role at a single dealership. Indeed, Plaintiff admits his belief was based solely on being a "New Car Sales Manager in *a Texas dealership*" and his understanding of "Texas" laws. Resp. at 19 (emphasis added). Despite Plaintiff's assertion to the contrary, that limited vantage point is dispositive of his claim here: Plaintiff asks the Court to find it reasonable to extrapolate any misconduct (assuming that misconduct occurred) from *one* dealership in Texas to enterprise-wide securities fraud or violations of federal securities laws or SEC rules by the ultimate corporate parent that operates *139 dealerships* in 14 states.[5] The Court should refrain from taking that unsupported leap.

---

[4] Such a contention is a legal conclusion not entitled to the presumption of truth on 12(b)(6) review. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." (quotation omitted)); *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014) ("[W]e first look to Plaintiffs' Complaint, distilling the well-pleaded factual allegations—whose truth we are bound to presume at this stage—from any unsupported legal conclusions—whose truth we cannot assume.").

[5] As Defendants noted in their opening brief, the Amended Complaint admits that the Park Place dealerships—as a group—constitute less than 10% of the "dealerships currently using Clicklane." Am.

Further, the alleged misconduct does not concern a ***material*** fact such that it could be actionable under the federal securities laws or SEC rules.  For the purported misstatements to be actionable under the federal securities laws, there must be "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available."  *Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988) (citation omitted).  A practice allegedly occurring at 1 of 139 dealerships (in 1 of 14 states) that purportedly violates an unidentified single state's law does not "significantly alter[] the total mix of information made available" about Clicklane to Asbury's shareholders, *see id.*, regardless of whether, as Plaintiff contends, "Asbury made Clicklane the cornerstone of its growth strategy."  Resp. at 19.

Finally, in an apparent attempt to dodge his pleading failures, Plaintiff asserts that, "[u]nder Fifth Circuit precedent, as long as reasonable minds could disagree, [the] question [of objective reasonableness] should not be decided as a matter of law."  Resp. at 3–4, 18 (citing *Allen v. Admin. Rev. Bd.,* 514 F.3d 468, 477 (5th Cir. 2008)).  But the Fifth Circuit has explained that this rule applies only "***if there is a genuine issue of material fact***," *Allen*, 514 F.3d at 477 (emphasis added), and that the issue "***can*** be decided as a matter of law in some cases," *id*. (emphasis added).

---

Compl. ¶ 41; *see also* Resp. at 10.  In other words, over 90% of Clicklane revenue is generated by other dealerships.

Indeed, in *Allen* the Fifth Circuit **affirmed dismissal** on the basis that the plaintiffs "failed to establish the first element of their SOX whistleblower claims." *Id*. at 482. In doing so, the court relied upon *Byers v. Dallas Morning News, Inc.*, where the court held it was not objectively reasonable for the plaintiff "to leap from an observation" that his performance was being evaluated "to the conclusion that race discrimination [was] the underlying explanation" for his poor reviews. 209 F.3d 419, 428 (5th Cir. 2000).

That logic applies equally here: it is not objectively reasonable for Plaintiff "to leap from [the] observation" of supposed misconduct by employees at one dealership "to the conclusion" that the ultimate parent company was committing securities fraud. *Id.* Accordingly, there is no genuine issue of material fact that could cause reasonable minds to differ as to the first element of Plaintiff's SOX claim.[6] Plaintiff's belief that alleged misconduct regarding Clicklane at a single dealership amounted to widespread securities law violations by the dealership's ultimate parent company is objectively unreasonable, and his claim should be dismissed.

---

[6] The only other case Plaintiff relies on in his Response is distinguishable on these grounds as well. In *Wallace v. Tesoro Corp.*, the Fifth Circuit reversed the district court's dismissal on objective-reasonableness grounds because there were factual disputes regarding the relevance of plaintiff's status of "accounting expert." 796 F.3d 468, 479–80 (5th Cir. 2015). Here, there is no factual dispute as to Plaintiff's limited basis for his belief: Plaintiff admits that he worked in car sales and observed activity only at a single dealership.

7

### 2. A Phone Call from the SEC Does Not Render Plaintiff's Belief Objectively Reasonable As a Matter of Law.

The Amended Complaint alleges that, after submitting his whistleblower complaint to the SEC, "[a]n SEC investigator reached out to [Plaintiff's] counsel . . . seeking [Plaintiff's] cooperation" for "follow-up" Am. Compl. ¶ 42. Plaintiff speculates that, "on information and belief, the SEC launched a full investigation of Asbury shortly thereafter." *Id.* ¶ 43. Plaintiff's response repeats these allegations and argues that "the fact that the SEC found the tip worthy of its attention suggests Plaintiff's belief is reasonable as a matter of law." Resp. at 20 (emphasis omitted). But Plaintiff cites no authority in support, and indeed, Defendants are not aware of any authority that suggests that preliminary outreach from the SEC after it receives allegations permits an inference (or necessitates the conclusion) that a complainant's belief regarding potential securities violations was objectively reasonable *as a matter of law*. This Court should decline Plaintiff's invitation to reach that inference or to create new law out of whole cloth.

### B. Plaintiff Has Made No Allegation That Any Purported Misconduct Was Committed with Intent to Defraud Asbury Shareholders.

Plaintiff's Amended Complaint does not allege that any Defendant committed the purported misconduct with scienter, despite Fifth Circuit precedent requiring that an employee have a reasonable belief that the employer acted with such mental state.

8

*Allen*, 514 F.3d at 479–80.[7] Plaintiff does not contend otherwise in his Response. Instead, he argues that an allegation of scienter is not required because he is proceeding under the fourth and fifth SOX categories (securities fraud and violations of SEC rules or regulations) and not under the sixth SOX category (fraud upon shareholders). Resp. at 20. Plaintiff, however, puts forth no authority for his proposition that scienter does not apply to the fourth and fifth SOX categories. *See id*. And for good reason; it is well established that scienter is an element of securities fraud. *See, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) ("[P]laintiff[] must plead (1) a misstatement or omission; (2) of a material fact; (3) **made with scienter**; (4) on which the plaintiff[] relied; and (5) that proximately caused the plaintiff['s] injuries." (emphasis added)); *see also* Br. at 25 n.13.

At bottom, Plaintiff has made no allegation that would permit an inference that any officer or director of Defendants acted with scienter to deceive any Asbury shareholder. As a result, he has failed to plead the first element of a SOX claim and the Court should dismiss the Amended Complaint.

---

[7] The Fifth Circuit acknowledged in *Allen* that some administrative law judges applied the scienter requirement to all categories of a SOX retaliation claim. *Allen*, 514 F.3d at 480 n.8 ("We note that several ALJs have held that fraud is an essential element of *all whistleblower claims* arising under § 1514A, which necessarily includes an element of intentional deceit.").

## V. CONCLUSION

Despite an opportunity to amend his Complaint, Plaintiff has failed to allege sufficient facts to plausibly allege the first element of a SOX retaliation claim. The Court should dismiss Plaintiff's Amended Complaint with prejudice as a result. Moreover, the Court should deny Plaintiff's request to amend his complaint for a second time, given that he already had an opportunity to "add allegations" to cure the deficiencies in the Complaint, Resp. at 21, and yet he failed to do so successfully.

Respectfully submitted,

Dated:          May 31, 2024

                By: */s/ Evan P. Singer*
                    Evan P. Singer
                    Texas State Bar No. 24037501
                    JONES DAY
                    2727 North Harwood Street
                    Dallas, TX 75201.1515
                    Telephone: +1.214.220.3939
                    Facsimile: +1.214.969.5100
                    epsinger@jonesday.com

                    Ashley F. Heintz
                    *Pro Hac Vice*
                    Jane Ashley Ravry
                    *Pro Hac Vice*
                    JONES DAY
                    1221 Peachtree St NE, Suite 400
                    Atlanta, GA 30361
                    Telephone: 404-521-3939
                    aheintz@jonesday.com
                    jravry@jonesday.com

                    *Counsel for Defendants Asbury Automotive Group, Inc.; Asbury Arlington MB, LLC; and Malcolm Gage*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document complies with Standing Order Section II.A. and contains 2,395 words, not including the case caption, table of contents, table of authorities, signature block, and certificates, verified by word-processer register.

                                                        */s/ Evan P. Singer*  
                                                        Evan P. Singer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2024, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

                                                        */s/ Evan P. Singer*  
                                                        Evan P. Singer

## **CERTIFICATE OF CONFERENCE**

Pursuant to the Court's Standing Order Section II.C.3, The undersigned hereby certifies that on March 14, 2024, Defendant's counsel conferred with Kent Piacenti, counsel for Plaintiff, regarding Defendants' intention to file a Motion to Dismiss pursuant to Rule 12(b)(6) and the bases for such motion. Plaintiff's counsel filed an advisory of Plaintiff's intent to amend his Complaint on April 5, 2024, and filed an Amended Complaint on April 12, 2024. The Amended Complaint is still deficient and, thus, Defendants moved to dismiss the Amended Complaint on April 26, 2024. Plaintiff filed his Response on May 17, 2024.

*/s/ Evan P. Singer*
Evan P. Singer