## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

MICHAEL TUPAC,          §
                               §
         Plaintiff          §
                               §
      v.                  §         Case No. 3:24-CV-104-E
                               §
ASBURY AUTOMOTIVE GROUP,    §
INC.; ASBURY ARLINGTON MB,    §
LLC; and MALCOLM GAGE,       §
                               §
         Defendants.      §

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

Plaintiff Michael Tupac files this response to the Motion to Stay Discovery (the "Motion") (ECF No. 19) filed by Defendants Asbury Automotive Group, Inc. ("Asbury"); Asbury Arlington MB, LLC; and Malcolm Gage (collectively, "Defendants," and, together with Plaintiff, the "Parties"):

### I.   Factual and Procedural Background

Plaintiff generally agrees with Defendants' Factual and Procedural Background section with the exception of footnote 1, which incorrectly asserts that "[t]he likelihood of dismissal of Plaintiff's claim is bolstered by the fact that Plaintiff has unsuccessfully advanced similar causes of action in at least two federal forums before initiating suit here." Mot. at 2 n.1.

Plaintiff submitted his complaint originally to OSHA, as required by law. Pursuant to a pilot program aimed at expediting subsequent levels of review, he requested that OSHA terminate its investigation, knowing it would necessarily result in a dismissal of his complaint. He appealed the dismissal to the Office of Administrative Law Judges, but before an administrative law judge made any substantive rulings, Plaintiff filed suit here because he had a right to do so under 12 U.S.C. § 5567(c)(4)(D), because 210 days had passed since Plaintiff filed his administrative complaint.

## II.  Argument and Authorities

Under both federal and local rules of procedure, a motion to dismiss does not stay discovery. As Courts have observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Ford Motor Co. v. United States Auto Club, Motoring Div., Inc.*, 2008 U.S. Dist. LEXIS 34240, *2 (Apr. 24, 2008) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Rather, the stay Defendants request is "the exception rather than the rule." *Id.* The Court should deny Defendants' motion because they fail to show the requisite "good cause" for a stay, relying instead on the ordinary burdens of litigation as the supposed justification for overriding the Federal Rules of Civil Procedure.

None of the cases Defendants cite would require a stay here. For example,

2

some are in a completely different procedural context. *See Marinechance Shipping, ltd. v.* Sebastian, 143 F.3d 216, 218 (5th Cir. 1998) (holding a district court had inherent authority to issue a declaratory judgment on the validity of a forum selection clause requiring the litigation proceed in the Philippines before ruling on a party's motion to lift a stay under the Limitation of Liability Act); *Angela B. v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-0188-D, 2020 WL 2838994, at *5 (N.D. Tex. June 1, 2020 (exercising discretionary authority to stay case until an independent educational evaluation that had been delayed due to the COVID-19 pandemic would be completed in case brought under the Individuals with Disabilities in Education Act); *Von Drake v. NBC*, No. 3-04-CV-0652R, 2004 WL 11441424, at *1 (N.D. Tex. May 20, 2004) (stay was appropriate because discovery was burdensome to the point of being harassing, inquiring about 6,000 hopefuls for a singing competition).

Others support *Plaintiff's* position. For example, *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987), held that a district court properly deferred discovery where a plaintiff's complaint was fatally flawed because he sued certain individuals under statutes that permitted suit against only the agencies for which the individuals worked. The Court observed that nothing learned in discovery could save the complaint, which was impermissible as pled under the statute. *Petrus*, 833 F.2d at 583. Nevertheless, the Fifth Circuit held the plaintiff should be allowed to replead.

Here, no one has argued Plaintiff's complaint is fatally defective. Rather,

Plaintiff's take issue with whether he has enough information to state a claim. Discovery could produce information about, for example, how long it takes to buy a car on Clicklane or how Asbury accounted for sales of cars on Clicklane and which cars counted toward the totals. In any event, Plaintiff should be permitted to replead if the motion to dismiss is granted.

### III.   CONCLUSION

Defendants' Motion to Stay Discovery should be denied, and the Court should grant Plaintiff any other and further relief to which he may be entitled.

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned hereby certifies that the foregoing document complies with Standing Order Section II.A and contains 681 words, not including the case caption, signature block, and certificates, verified by word-processer register.

*/s/ R. Kent Piacenti*
R. Kent Piacenti

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 10, 2024, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated:      June 10, 2024

*/s/ R. Kent Piacenti*
R. Kent Piacenti
