# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID TUPAC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-00104-E |
| ASBURY AUTOMOTIVE GROUP INC et al., | § § § § | |
| Defendants. | § § | |

## ORDER

The Parties have made filings that pertain to the Court's order(s) regarding mediation. (ECF Nos. 32; 45). The Parties have specifically requested for a United States Magistrate Judge to serve as their mediator. For the reasons hereunder, the Court **DENIES** the Parties' request for a United States Magistrate Judge to serve as their mediator, (ECF No. 45), and enters consequent orders.

On August 23, 2024, the Court entered a Scheduling Order, which included the following instructions as to mediation:

> **Mediation:** The parties shall file a Joint Report informing the Court of their choice of an agreed-upon mediator or of their inability to agree upon a mediator 35 days from the date of this order. In the event the parties are unable to agree on a mediator, the Court will appoint one for them. At that time, a separate Mediation Order will be issued, further discussing, if necessary, the guidelines and requirements of the mediation. The parties shall mediate their case by **January 3, 2025**.

(ECF No. 31 at 6) (emphasis in original). On September 27, 2024, the Parties filed a Joint Report Naming Mediator, which states: "[the Parties] respectfully file this Joint Report Naming Mediator and ask the Court to select a magistrate judge to mediate the Parties' dispute pursuant to Local Rule 16.3(b)." (ECF No. 32 at 1). On December 6, 2024, the Parties filed a Joint Motion for

Settlement Conference, which reiterates their request for a United States Magistrate Judge to serve as their mediator—providing specific, conferred dates of availability.

"Each United States district court shall authorize [. . .] the use of alternative dispute resolution processes in all civil actions[.] [. . . .] Each United States district court shall devise and implement its own alternative dispute resolution program [. . .] to encourage and promote the use of alternative dispute resolution in its district." 28 U.S.C. § 651(b). The Court's appointment of a mediator is based on its discretion and inherent docket control powers. 28 U.S.C. § 652(a) ("Each district court shall provide litigants in all civil cases with at least one alternative dispute resolution process, including [. . .] mediation[.] Any district court that elects to require the use of alternative dispute resolution in certain cases may do so [] with respect to mediation[.]"); *see generally* Fed. R. Civ. P. 16.[1]

The Court's Scheduling Order provides a process for selection of mediators. (ECF No. 31 at 6-8); *see* 28 U.S.C. § 653(a) (requiring process for selection of neutrals in the alternative dispute resolution process). Local Rule 16.3(b) states: "[a] judge *will be available* for settlement discussions." N.D. Tex. Loc. Civ. R. 16.3(b) (emphasis added). As requested, the Parties appear to suggest that the Court *shall* appoint a United States Magistrate Judge to serve as mediator. However, neither Party briefs that the Court *shall* appoint a United States Magistrate Judge to serve as mediator. Neither Party provides any further basis for their request. Neither Party shows indigency or good cause to appoint a United States Magistrate Judge to serve as their mediator. For those reasons, the Court enters the following orders.

(*Orders continue on next page*).

---

[1] The Fifth Circuit has recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995).

**IT IS ORDERED THAT:**

1. The Parties Joint Motion for Settlement Conference is **DENIED** without prejudice. (ECF No. 45).

2. The Parties may file another motion that seeks appointment of a United States Magistrate Judge to serve as their Mediator. The Court may grant such a request only upon (i) evidence showing indigency or good cause and (ii) the Parties provision of available dates and times for mediation, as extended hereunder. Any such mediation shall be subject to the United States Magistrate Judge's availability. **Such request shall be made within 14 days of this order.** If the Parties fail to make such filing within 14 days of this order, the Parties shall select a private mediator with fees for the mediation to be divided and borne equally. (*See* ECF No. 31 at 6).

3. The above notwithstanding, the Court amends its Deadline for Joint Report naming mediator from September 27, 2024 to **January 10, 2025**. The Parties may select a private mediator at any time on or before January 10, 2025. (*See* ECF No. 31 at 6). The Court amends its Deadline for Completion of Mediation from January 3, 2025 to **March 7, 2025**.

4. Apart from the specific instructions and amended deadlines above, the Court's prior orders regarding mediation remain in full force and effect.

**SO ORDERED.**

9th day of December, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE