## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL TUPAC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 3:24-CV-104-E |
| | § | |
| ASBURY AUTOMOTIVE GROUP, | § | |
| INC.; ASBURY ARLINGTON MB, | § | |
| LLC; and MALCOLM GAGE, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Asbury Automotive Group, Inc. ("Asbury"), Asbury Arlington MB, LLC, and Malcolm Gage (collectively, "Defendants"), by and through their undersigned attorneys of record, respectfully submit the following Answer and Affirmative Defenses to Plaintiff Michael Tupac's ("Plaintiff") Second Amended Complaint (Doc. 42) (the "SAC").

Defendants' responses are made upon information and belief, and Defendants reserve the right to amend or supplement their responses subject to further investigation. Defendants expressly reserve the right to amend their Answer, to seek to leave to amend their Answer, and to modify and/or assert all claims, defenses, counterclaims, and third-party claims as permitted by law. Except as specifically admitted herein, all allegations in the SAC are denied.

Defendants respond and state upon information and belief as follows:

1

As to the unnumbered paragraph preceding the "I.  PARTIES" heading, Defendants state this paragraph appears to summarize the allegations of the SAC and contains no materials for which a response is required.  To the extent a response is required, Defendants deny all allegations contained in this paragraph.

## I.    PARTIES[1]

1.    Defendants admit that Plaintiff was formerly employed at an automotive dealership owned by Asbury.  Except as specifically admitted, Defendants deny the allegations in Paragraph 1 as they refer or relate to Defendants. As to the remaining allegations in Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

2.    Defendants admit that Asbury is a Delaware corporation with its principle executive offices located at 2905 Premiere Parkway, NW, Suite 300, Duluth, Georgia 30097.  Defendants further admit that Asbury owns and operates automotive dealership groups across the country, which includes Park Place Motorcars Arlington (the "Dealership").  Defendants deny all remaining allegations in Paragraph 2.

---

[1] Defendants include the headings and subheadings as reflected in the SAC as a matter of convenience for the Court.  To the extent the headings and subheadings in the SAC are intended to consolidate factual allegations, Defendants deny the allegations insofar as they refer or relate to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations in the SAC's headings or subheadings and therefore deny those allegations.

3.      Defendants admit that Asbury Arlington MB, LLC is a Delaware limited liability company owned by Asbury that owns and/or operates the Dealership where Plaintiff was employed. Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that Malcolm Gage is an individual who resides in Missouri. Defendants deny the remaining allegations in Paragraph 4.

## II.    JURISDICTION AND VENUE

5.      The allegations of Paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiff has invoked subject matter jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 5567(c)(4)(D). As to the remaining allegations in Paragraph 5, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

6.      The allegations of Paragraph 6 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiff has invoked venue under 28 U.S.C. § 1391(b)(2). Defendants deny all remaining allegations in Paragraph 6.

### III.    PROCEDURAL HISTORY/EXHAUSTION

7.    Defendants admit that Plaintiff filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") on January 12, 2023. Defendants deny all remaining allegations in Paragraph 7.

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, deny those allegations.

9.    Defendants admit that OSHA dismissed Plaintiff's complaint on April 18, 2023.    As to the remaining allegations in Paragraph 9, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

10.    Defendants admit that Plaintiff purports to have filed an objection to OSHA's findings on May 18, 2023.  As to the remaining allegations in Paragraph 10, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

11.    Defendants admit that Plaintiff purports to have set a hearing for February 22, 2024 before Administrative Law Susan Hoffman and a pre-hearing conference for February 1, 2024.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

12.     The allegations of Paragraph 12 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff invoked a right to sue under 12 U.S.C. § 5567(c)(4)(D).  Defendants deny all remaining allegations in Paragraph 12.

### IV.    FACTUAL ALLEGATIONS

13.     Defendants admit that Asbury is one of the largest franchised automotive retailers in the United States, and that in December 2020 Asbury announced a five-year strategic plan that targeted an increase in revenue to $20 billion by 2025.   In April 2022, Asbury announced an update to this plan by increasing the annual revenue target to $32 billion by 2025.  Defendants deny all remaining allegations in Paragraph 13.

14.     Defendants admit that Asbury purchased certain assets of the Park Place Dealership group in August 2020, which included the Dealership at which Plaintiff was employed.  Defendants deny all remaining allegations in Paragraph 14.

15.     Defendants admit that Park Place Dealerships is highly regarded as one of the best and most efficient operators of luxury stores in the industry.  Defendants deny all remaining allegations in Paragraph 15.

16.     Defendants admit that the allegations in Paragraph 16 attempt to quote from Asbury's August 24, 2020 press release, available at https://investors.asburyauto.com/press-releases/18326.   Defendants state that the

August 24, 2020 press release speaks for itself and, on that basis, deny any allegations in Paragraph 16 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 16.

17.    Defendants admit that the allegations in Paragraph 17 attempt to paraphrase from Asbury's December 2, 2020 press release, available at https://investors.asburyauto.com/press-releases/18481, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Asbury's December 2, 2020 press release speaks for itself, and, on that basis, deny any allegations in Paragraph 17 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 17.

18.    Defendants admit that the allegations in Paragraph 18 attempt to paraphrase and quote from Asbury's December 2, 2020 press release, available at https://investors.asburyauto.com/press-releases/18481, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Asbury's December 2, 2020 press release speaks for itself and, on that basis, deny any allegations in Paragraph 18 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 18.

19.    Defendants admit that the allegations in Paragraph 19 attempt to paraphrase and quote from Asbury's December 2, 2020 press release, available at https://investors.asburyauto.com/press-releases/18481, but state that Plaintiff's

attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Asbury's December 2, 2020 press release speaks for itself and, on that basis, deny any allegations in Paragraph 19 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 19.

20.    Defendants admit that Plaintiff was hired as a New Car Sales Manager at the Dealership on or about October 19, 2020. Defendants deny all remaining allegations in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny those allegations.

22.    Defendants admit that Plaintiff reported to Roderick Infante, New Car Sales Director, who in turn reported to Malcolm Gage, General Manager. Defendants deny all remaining allegations in Paragraph 22.

23.    Defendants admit that Plaintiff was employed at the Dealership from October 2020 until November 2022. Defendants deny all remaining allegations in Paragraph 23.

24.    Defendants admit that the allegations in Paragraph 24 attempt to reference Asbury's April 28, 2022 press release, available at https://investors.asburyauto.com/press-releases/19566, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis,

7

deny the allegations. Defendants further state that Asbury's April 28, 2022 press release speaks for itself and, on that basis, deny any allegations in Paragraph 24 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 related to Plaintiff's conversations and, on that basis, deny those allegations. Defendants deny all remaining allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants admit that Plaintiff communicated with Jed Milstein, Asbury's Senior Vice President and Chief Human Resources Officer. Defendants deny all remaining allegations in Paragraph 32.

33.     Defendants admit that Plaintiff's counsel sent a letter dated July 18, 2022, and that Plaintiff's counsel was referred to Dean Calloway, then-Vice President and Associate General Counsel. Defendants deny all remaining allegations in Paragraph 33.

34.    Defendants admit that Plaintiff's counsel had a telephone call with Dean Calloway on August 12, 2022.  Defendants deny all remaining allegations in Paragraph 34.

35.    Defendants admit that Plaintiff's counsel sent an email to Dean Calloway on August 29, 2022.  Defendants deny all remaining allegations in Paragraph 35.

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants admit that on September 9, 2022, Plaintiff's counsel sent a letter to Asbury.  Defendants deny all remaining allegations in Paragraph 37.

38.    The allegations of Paragraph 38 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny that Asbury committed any legal violations, specifically including but not limited to "federal law governing public accounting, internal controls, and securities fraud," such as Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, as alleged in paragraph 38.  Defendants deny all remaining allegations in Paragraph 38.

39.    The allegations of Paragraph 39 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff alleges that his report was a protected activity under 18 U.S.C. § 1514(a)(1)(C).  Defendants deny all remaining allegations in Paragraph 39.

40.    Defendants admit that Plaintiff's counsel sent an email to Asbury on September 14, 2022.  Defendants deny all remaining allegations in Paragraph 40.

41.    Defendants admit that Plaintiff's counsel sent an email to Asbury on October 7, 2022, and purports to paraphrase or quote that email.  Defendants deny all remaining allegations in Paragraph 41.

42.    Defendants admit that the allegations of Paragraph 42 purport to describe the role of Dean Calloway at Asbury, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations in Paragraph 42.  Defendants deny all remaining allegations in Paragraph 42.

43.    Defendants admit that the allegations of Paragraph 43 purport to describe the roles of Dean Calloway and Jed Milstein at Asbury, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations in Paragraph 43.  Defendants deny all remaining allegations in Paragraph 43.

44.    Defendants admit that Plaintiff purports to have submitted a written report to the Securities and Exchange Commission ("SEC") on September 13, 2022.  Defendants deny all remaining allegations in Paragraph 44.

45.    Defendants admit that the allegations in Paragraph 45 purport to quote from Plaintiff's report to the SEC, Exhibit 4.  Except as specifically admitted, Defendants deny all allegations in Paragraph 45.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, on that basis, deny those allegations.

47.    Defendants admit that the allegations in Paragraph 47 purport to paraphrase and quote Plaintiff's counsel's emails with the SEC, Exhibit 5, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations.  Except as specifically admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, on that basis, also deny those allegations.

48.    Defendants deny the allegations in Paragraph 48.

49.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, on that basis, deny those allegations.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, on that basis, deny those allegations.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 pertaining to Plaintiff's beliefs and conclusions and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 51.

52.    Defendants state that the allegations in Paragraph 52 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that the allegations in Paragraph 52 purport to paraphrase or reference 17 C.F.R. § 240.21F-17.  Defendants state that 17 C.F.R. § 240.21F-17 speaks for itself and deny any allegations in Paragraph 52 inconsistent therewith.  Defendants deny the remaining allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, on that basis, deny those allegations.

54.    Defendants admit that the allegations of Paragraph 54 purport to paraphrase Asbury's November 7, 2023 press release, but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations.  Defendants further state that Asbury's November 7, 2023 press release speaks for itself and, on that basis, deny any allegations in Paragraph 54 inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants admit that Robert Chadwick was hired as Asbury's outside counsel and emailed Plaintiff's counsel.  Defendants deny the remaining allegations in Paragraph 56.

57.    Defendants state that the allegations in Paragraph 57 constitute a conclusion of law to which no response is required.  To the extent a response is

required, Defendants admit that the allegations in Paragraph 57 purport to paraphrase or quote 17 C.F.R. § 240.21F-17(a). Defendants state that 17 C.F.R. § 240.21F-17(a) speaks for itself and deny any allegations in Paragraph 57 inconsistent therewith. Defendants deny the remaining allegations in Paragraph 57.

58.    Defendants deny the allegations in Paragraph 58.

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 pertaining to Plaintiff's knowledge and, on that basis, deny those allegations. Defendants deny the remaining allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants admit that the allegations in Paragraph 61 attempt to paraphrase Plaintiff's final written counseling but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Plaintiff's final written counseling speaks for itself and, on that basis, deny any allegations in Paragraph 61 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants admit that the allegations in Paragraph 64 attempt to paraphrase or quote Robert Chadwick's letter to Plaintiff's counsel but state that

Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Robert Chadwick's letter to Plaintiff's counsel speaks for itself and, on that basis, deny any allegations in Paragraph 64 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 64.

65.    Defendants admit that the allegations in Paragraph 65 attempt to paraphrase or quote Robert Chadwick's letter to Plaintiff's counsel but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations. Defendants further state that Robert Chadwick's letter to Plaintiff's counsel speaks for itself and, on that basis, deny any allegations in Paragraph 65 inconsistent therewith. Defendants deny all remaining allegations in Paragraph 65.

66.    Defendants admit that Asbury hired Sandra Lauro to investigate Plaintiff's allegations that Malcolm Gage and Roderick Infante engaged in conduct that violated the Dealership's policies prohibiting retaliation and pertaining to FMLA rights, and to investigate concerns that Plaintiff may have engaged in conduct in violation of the Dealership's policies. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 concerning her conversations with Plaintiff and, on that basis, deny those allegations. Defendants deny the remaining allegations in Paragraph 66.

14

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, deny those allegations.

68.    Defendants deny the allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that Roderick Infante transferred to an Asbury dealership in Florida in 2022 and that Raymond Resch was hired to fill the role. Defendants deny the remaining allegations in Paragraph 70.

71.    Defendants admit that Plaintiff applied and interviewed for the position. Defendants deny the remaining allegations in Paragraph 71.

72.    Defendants admit that Plaintiff's counsel emailed Robert Chadwick regarding the vacant position.    Defendants deny the remaining allegations in Paragraph 72.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants admit that Plaintiff was terminated on or about November 14, 2022 for unsatisfactory performance and violation of company policy. Defendants deny all remaining allegations in Paragraph 77.

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, deny those allegations.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, deny those allegations.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, deny those allegations.

81.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, deny those allegations.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, deny those allegations.

83.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, deny those allegations.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, deny those allegations.

85.    Defendants admit that Raymond Resch was transferred to Asbury's Lexus dealership in Grapevine, Texas and Roderick Infante returned to the Dealership from Florida.  Defendants deny all remaining allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, deny those allegations.

88.    Defendants deny that they retaliated against Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, on that basis, deny those allegations.

89.    Defendants deny that they retaliated against Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, on that basis, deny those allegations.

90.    Defendants admit that the allegations in Paragraph 90 attempt to paraphrase Robert Chadwick's February 20, 2023 letter to OSHA but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on

that basis, deny the allegations.  Defendants further state that Robert Chadwick's February 20, 2023 letter to OSHA speaks for itself and, on that basis, deny any allegations in Paragraph 90 inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, deny those allegations.

93.    Defendants admit that Plaintiff submitted incorrect mileage to lenders through DealerTrack, which overstated the vehicle's value.  Defendants deny the remaining allegations in Paragraph 93.

94.    Defendants admit that Plaintiff resubmitted the same incorrect mileage to obtain financing approvals the customer was not qualified for.  Defendants deny the remaining allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, deny those allegations.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, deny those allegations.

100.     Defendants admit that the allegations in Paragraph 100 attempt to paraphrase and quote Robert Chadwick's February 20, 2023 letter to OSHA but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations.  Defendants further state that Robert Chadwick's February 20, 2023 letter to OSHA speaks for itself and, on that basis, deny any allegations in Paragraph 100 inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 100.

101.     Defendants admit that the allegations in Paragraph 101 attempt to paraphrase and quote Robert Chadwick's February 21, 2023 email to OSHA but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and, on that basis, deny the allegations.  Defendants further state that Robert Chadwick's February 21, 2023 email to OSHA speaks for itself and, on that basis, deny any allegations in Paragraph 101 inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 101.

102.     Defendants admit that the allegations in Paragraph 102 attempt to paraphrase and quote Robert Chadwick's February 21, 2023 email to OSHA but state that Plaintiff's attempt to do so is incomplete, misleading, and out of context, and,

on that basis, deny the allegations.  Defendants further state that Robert Chadwick's February 21, 2023 email to OSHA speaks for itself and, on that basis, deny any allegations in Paragraph 102 inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 102.

103.   Defendants deny the allegations in Paragraph 103.

104.   Defendants deny the allegations in Paragraph 104.

105.   Defendants deny the allegations in Paragraph 105.

106.   Defendants deny the allegations in Paragraph 106.

107.   Defendants deny the allegations in Paragraph 107.

108.   Defendants deny the allegations in Paragraph 108.

## COUNT I

**Retaliation in Violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A**

109.   Defendants incorporate by reference their responses to Paragraphs 1–108 as though fully set forth herein.

110.   Defendants deny the allegations in Paragraph 110.

111.   The allegations of Paragraph 111 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Asbury has a "class of securities registered under section 12" and is "required to file reports under section 15(d)" of the Securities Exchange Act of 1934

(15 U.S.C. § 780, et seq.).  Defendants deny all remaining allegations in Paragraph 111.

112.   The allegations of Paragraph 112 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Park Place Motorcars is an affiliate of Asbury.  Defendants deny all remaining allegations in Paragraph 112.

113.   The allegations of Paragraph 113 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that Malcolm Gage is an employee of Asbury for purposes of Sarbanes Oxley. Defendants deny all remaining allegations in Paragraph 113.

114.   The allegations of Paragraph 114 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 114.

115.   Defendants admit that Plaintiff's counsel sent an email to Asbury on September 9, 2022.  Defendants deny all remaining allegations in Paragraph 115.

116.   Defendants admit that Plaintiff's counsel sent an email to Asbury on September 14, 2022.  Defendants deny all remaining allegations in Paragraph 116.

117.   Defendants admit that Plaintiff's counsel sent an email to Asbury on October 7, 2022.  Defendants deny all remaining allegations in Paragraph 117.

118.    The allegations of Paragraph 118 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    The allegations of Paragraph 120 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that Plaintiff has alleged damages.  Defendants deny that they are liable to Plaintiff for any alleged damages, and Defendants deny the remaining allegations in Paragraph 122.

## JURY DEMAND

Defendants admit that Plaintiff has demanded a trial by jury on all issues so triable.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendants deny each and every allegation contained therein, including all subparts, and deny that Plaintiff is entitled to any of the relief requested whatsoever from the Defendants.

## DEFENDANTS AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following affirmative and other defenses:

1.      Plaintiff's claims are barred because the SAC fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, because Defendants lacked the requisite scienter necessary to establish liability.

3.      Plaintiff's claims are barred, in whole or in part, because Defendants did not violate any federal or state law, statute, or regulation.

4.      Plaintiff's claims are barred, in whole or in part, because Defendants did not make any material misstatements or material omissions.

5.      Plaintiff's claims are barred, in whole or in part, because the conduct of persons and/or entities other than Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiff.

6.      Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, and/or other equitable defenses.

Defendants reserve the right to assert additional defenses as may be appropriate at a later time.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendants, respectfully request that the Court dismiss the SAC with prejudice and enter the judgment as follows:

1.      that judgment be entered in favor of Defendants;

2.      that Plaintiff takes nothing from Defendants;

23

3.      that Defendants be awarded the costs of defending this action,

including reasonable attorneys' fees and costs; and

4.      that the Court grant such other relief in the Defendants' favor as the

Court deems just and proper.

Respectfully submitted,

Dated:        December 17, 2024

By: */s/ Evan P. Singer*

Evan P. Singer
Texas State Bar No. 24037501
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone:  214.220.3939
Facsimile:    214.969.5100
epsinger@jonesday.com

Ashley F. Heintz
*Pro Hac Vice*
JONES DAY
1221 Peachtree St NE, Suite 400
Atlanta, GA 30361
Telephone: 404.521.3939
aheintz@jonesday.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 17, 2024, I caused the

foregoing document to be filed electronically with the Clerk of the Court and to be

served upon all counsel of record.

/s/ Evan P. Singer

NAI-1541943004v3

25